UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID KRIEGER,

                Plaintiff,

against

ALISON LOU LLC,

                Defendant.

CIVIL ACTION NO.: 20 Civ. 2628 (JGK) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Defendant's motion for discovery limitations (the "Motion") (ECF No. 10), argument for which Defendant's supplemented in the letter filed at ECF No. 14.

Based on Plaintiff's counsel's litigation tactics in this District,[1] the Motion requests certain early discovery disclosures, specifically, that Plaintiff be ordered to produce detailed damages calculations and historical licensing and royalty data for the photograph at issue, and that no party be required to serve written responses to requests for production of documents or interrogatories until 30 days after Plaintiff has produced this requested information. (ECF No. 10 at 1). In addition, based on the Honorable Jesse M. Furman's order on sanctions in another case filed by Plaintiff's counsel, see Op. & Order on Mt. for Sanctions, Usheron v. Bandshell Artist Mgmt., No. 19 Civ. 6368 (JMF) (S.D.N.Y. June 26, 2020), ECF No. 68 ("Judge Furman's Order"), Defendant requests that Plaintiff be ordered to disclose a copy of the deposit file held by the

---

[1] See App'x to Op. & Order on Mt. for Sanctions, Usheron v. Bandshell Artist Mgmt., No. 19 Civ. 6368 (JMF) (S.D.N.Y. June 26, 2020), ECF No. 68

Copyright Office, reflecting prior registration of the photograph identified in the Complaint.  (ECF No. 14).

The Court notes that two non-monetary sanctions from Judge Furman's Order in <u>Usheron</u> apply to this case:

(1) Mr. Liebowitz shall be required to serve a copy of this Opinion and Order on . . . every other current client of the Liebowitz Law Firm and to file it on the docket of any pending case brought by Mr. Liebowitz or any attorney working for his firm, as well as on the docket of any new case brought within one year from the date of the Opinion and Order by Mr. Liebowitz or any attorney working for his firm.

(2) In any action that is filed within one year of the date of this Opinion and Order by Mr. Liebowitz or any attorney working for the Liebowitz Law Firm that involves allegations of copyright infringement, the complaint must include as an attached exhibit a copy of the deposit files maintained by the U.S. Copyright Office reflecting the registration of the relevant copyrighted work or works at issue.

<u>Usheron v. Bandshell Artist Mgmt.</u>, No. 19 Civ. 6368 (JMF) (S.D.N.Y. June 26, 2020), ECF No. 68 at 51–52.

While Judge Furman's Order was issued recently, on June 26, 2020, the Court notes that Mr. Liebowitz has not yet complied with either of the above requirements in the instant case.

Because the early disclosures Defendant has requested will facilitate resolution of this case, and part of the relief requested is required under Judge Furman's Order, the Motion is GRANTED.

By **July 8, 2020**, Defendant must produce to Plaintiff:

1. A detailed damages calculation;
2. Historical licensing and royalty data for the photograph identified in the Complaint and all other photographs registered as part of the Copyright Registration identified in the Complaint; and

3. A copy of the deposit file maintained by the U.S. Copyright Office reflecting the registration of the photograph at issue and all photographs under the identified registration number.

In addition, by **July 8, 2020**, Defendant must file proof of service of the <u>Usheron</u> decision on Plaintiff David Krieger as required by Judge Furman's Order.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 10.

Dated:     New York, New York
           June 30, 2020

                                             SO ORDERED

                                             _____
                                             **SARAH L. CAVE**
                                             **United States Magistrate Judge**